## MILLMAN v. APPLETON.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. TRIAL (§ 165*)—DISMISSAL—PRESUMPTIONS.

In an action for personal injuries resulting from a collision between plaintiff's carriage and defendant's automobile, on motion to dismiss on the close of plaintiff's evidence, the plaintiff was entitled to the most favorable inference properly deducible from the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 374; Dec. Dig. § 165.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—DISMISSAL—QUESTION FOR JURY.

In an action for injuries from a collision between defendant's automobile and plaintiff's carriage, plaintiff's evidence that she was traveling along the right side of the road at a rate not exceeding 3 miles an hour, that there was a lighted lamp on each side of the carriage, that the driver did not see the automobile, which was running very fast, till just before it struck the carriage, and plaintiff did not see it till it was within 50 feet,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that no signal was sounded by the defendant, did not justify a decision for defendant as a matter of law; it being a question for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706;* Highways, Cent. Dig. § 473.]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Beckie Millman against R. Ross Appleton, for personal injuries. Judgment for defendant, and plaintiff appeals. Reversed, and a new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Adolph Kiendl (James E. Smyth, on the brief), for appellant.
Frederick Mellor (James B. Henney, on the brief), for respondent.

RICH, J. This is an action brought in the Municipal Court to recover damages for personal injuries received by plaintiff in being thrown from a carriage in which she was riding, as the result of a collision with an automobile owned by the defendant. When the plaintiff rested, the court granted defendant's motion to dismiss the complaint, upon the ground that the plaintiff had failed to establish negligence on the part of defendant and her own freedom from contributory negligence.

Owing to the manner in which the action was tried, it is difficult to determine the manner of the accident. The court, counsel, and witnesses "indicated" and pointed out on a crude diagram many things which convey no knowledge to a reader of the record. As nearly as I can determine, however, the plaintiff was riding with her brother, who was a horseman of 16 years' experience, in Prospect Park in the evening. They were proceeding in an easterly direction, and the carriage in which they were riding was within a foot of the curb on the south or right-hand side of the road over which they were traveling. There was a lighted lamp on each side of the carriage in front. They were driving very slow, not to exceed three miles an hour, when the defendant's automobile, containing six or seven people, traveling a westerly course on the same road very fast, and without warning of any kind of its approach, ran into the carriage in which plaintiff was riding, overturning it, throwing its occupants out, and inflicting upon plaintiff the injuries for which she seeks to recover.

It is left very uncertain whether the automobile was proceeding over the road some distance east of the point where the collision occurred, or whether it wheeled into the road from an intersecting street just east of the place where plaintiff was injured. The brother, who was driving, testified that he did not see the automobile until just before it struck the carriage, and the plaintiff says that she did not see it until it was within 50 feet of the carriage, which was approaching an intersecting road and about that distance from it. This evidence would have justified a finding that the automobile came into the road over which plaintiff was traveling from an intersecting road just east of the place of the collision, and the plaintiff is entitled to the most favorable inference properly deducible from the evidence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

When the plaintiff rested, she had established that she was upon the proper side of the road, traveling at a rate of speed not exceeding a mile in 20 minutes, when defendant's automobile whirled into the road, with no warning of its approach, and, instead of keeping upon the side of the road over which the law of the road required it to travel, crossed the same diagonally, striking the front wheel of the carriage. The accident occurred upon the side of the road upon which plaintiff was entitled to travel and where the automobile had no business. These facts, wholly unexplained, did not justify the trial court in determining the case as matter of law. The questions at issue were of fact, to be determined by the jury, and the exception to the dismissal of the complaint and refusal to permit the plaintiff to go to the jury upon the questions of defendant's negligence and plaintiff's freedom from negligence contributing to her injury present reversible error.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.